Richard G. Grant
State Bar No. 08302650
ROBERTS & GRANT, P.C.
7018 Primrose Lane
Colleyville, Texas 76034
Telephone: (214) 210-2929
Facsimile: (214) 224-0198
rgrant@robertsandgrant.com
COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-42953-RFN-11 |
| TJ's TREES & MORE, LLP, | § | Chapter 11 |
| | § | |
| Debtor | § | |

TJ'S TREES & MORE, LLP'S
PLAN OF REORGANIZATION
DATED MARCH 17, 2010

ARTICLE I
SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of TJ's Trees & More, LLP (the "Debtor") in part from cash flow from operations, or future income.

This Plan provides for 4 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive no distributions under the Plan. Although the Debtor has not identified any priority claims, this Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 <u>Class 1</u>. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

2.02 <u>Classes 2A-2D</u>. Each holder of an allowed claim secured by property of the estate set forth in Table 2.02 (or otherwise) shall be classified as a separate subclass designated 2A, 2B, etc. (as set forth in the "Plan Class" column set forth below) to the extent the allowed claim is allowed as a secured claim under § 506 of the Code.

**Table 2.02 – Allowed Secured Claims:**

Treatment of Secured Claims/Disposition of Assets
TJ's Trees & More LLP

| Plan Class | Year | Item | Debtor Valuation Opinion | Total | Surcharge or Principal Reduction as of 3/1/10 | Creditor Valuation Opinion | Allowed Secured Claim | Lienholder | VIN | Interest Rate | Term (yrs) | Monthly Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2A | 2006 | Chevrolet Silverado (Black) | 15,000 | | | 22,000 | 20,309 | GMAC | 4867 | 3.9% | 4 | $457.66 |
| 2B | 2006 | ASV Skid Seer RC85 | 8,000 | | | | - | FCC | 672 | | | |
| 2B | 2004 | CAT Skid Steer | 7,000 | | | | - | FCC | 688 | | | |
| 2B | 1999 | CAT Crawler Loader 939C | 15,000 | | | | - | FCC | 629 | | | |
| | 2004 | John Deere Crawler Loader 655C | 30,000 | 60,000 | (1,575) | 60,000 | 58,425 | FCC | 7137 | 9.5% | 5 | $1,227.03 |
| 2C | 2002 | Kenworth T800 Dump Truck | 12,500 | | | | 12,500 | GE Capital | 9421 | 9.5% | 6 | $228.43 |
| 2C | 2002 | Kenworth T800 Dump Truck | 12,500 | | (6,000) | | 6,500 | GE Capital | 5370 | 9.5% | 6 | $228.43 |
| | 2000 | Freightliner F70 Hook Truck | 12,000 | 37,000 | (5,700) | | 6,300 | GE Capital | 6541 | 9.5% | 6 | $219.30 |
| - | 2001 | Vermeer Chipper | 7,000 | | | | | | 800C | | | |
| - | 2006 | Chevrolet Silverado | 3,000 | | | | | | Adam | | | |
| - | 2001 | PHEL Trailer | 2,500 | | | | | | 547 | | | |
| - | 2001 | Chevy 6500 Chipper Truck (Truck 4) | 2,000 | | | | | | 1350 | | | |
| - | 2001 | Stump Grinder SC252 | 1,000 | 15,500 | | | | | 7001 | | | |
| | | | 127,500 | | | | 104,034 | | | | | $2,360.86 |
| **Collateral to be Surrendered:** | | | | | | | | | | | | |
| | 2001 | International 4900 Hook Truck | 10,000 | | | | 10,000 | GE Capital | 8774 | | | |
| | 1999 | GMC 7500 Dump Truck | 10,000 | | | | 10,000 | GE Capital | 1288 | | | |
| | 2003 | Manitou Telescopic Fork Lift | 6,000 | | | | 6,000 | Trinity 2 | | | | |
| | 1999 | Freightliner | 15,000 | | | | 15,000 | Trinity 2 | 8096 | | | |
| | 2000 | Case Skid Steer 95XT | 4,000 | | | | 4,000 | Trinity 3 | 9258 | | | |
| | 2000 | CAT Mini Excavator 3025 | 5,000 | | | | 5,000 | Trinity 3 | 1702 | | | |
| | 2001 | Case Skid Steer 1845 | 1,000 | | | | 1,000 | Trinity 3 | 3171 | | | |
| | | | 51,000 | | | | 51,000 | | | | | |

2.03 <u>Class 3</u>. All unsecured claims allowed under § 502 of the Code.

2.04 <u>Class 4</u>. Equity interests of the Debtor.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03  Priority Tax Claims.  Each holder of a priority tax claim will be paid as set forth in section 1129(a)(9)(C) of the Code in equal monthly installments of principal and interest at the lowest statutory rate over 5 years after the Petition Date.

3.04  United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01  Claims and interests shall be treated as follows under this Plan:

| **Class** | **Impairment** | **Treatment** |
| --- | --- | --- |
| Class 1 - Priority Claims | Unimpaired | Class 1 claims shall be paid in full on the Effective Date. |
| Classes 2A-2D Secured Claim of Entities Identified in Table 2.02 | Impaired | In Classes 2A-2D, the holder of the Allowed Secured Claim shall retain its lien securing the Allowed Secured Claim until all payments set forth in the Plan are complete.  The holder shall receive monthly payments of principal and interest at the Interest Rate set forth in Table 2.02 in an amount sufficient to fully amortize the Allowed Secured Claim over the Term set forth in Table 2.02.  The monthly payment amounts shall initially be the amount set forth as the Monthly Payment above and may be reamortized as necessary if additional principal payments are made.  Any Deficiency Amount related to a Secured Claim in these Classes shall be treated as a Class 3 General Unsecured Claim.<br><br>The Reorganized Debtor shall have the option, at any time, to surrender any or all of the Collateral to the holder of the Allowed Claim.   In the event of a surrender of collateral, the Allowed Claims of the holder shall be credited with the fair market value of the surrendered collateral and the deficiency, if any, shall be a Class 3 Claim.<br><br>Notwithstanding the immediately preceding paragraphs, the Debtors and any holder of a Allowed Secured Claim in this Class may agree to any alternate treatment of such Secured Claim, which treatment shall include preservation of such holder's Lien; provided, however, that such treatment shall not provide a return to such holder of an amount having a present value in excess of the amount of |

|  |  | such holder's Allowed Secured Claim. |
|---|---|---|
| Class 3 - General Unsecured Creditors | Impaired | Class 3 Creditors shall receive a prorata share of the liquidation value of the Debtor's unencumbered assets after reserves for payment of senior classes and liquidating expenses.  This amounts shall be $5,000 unless otherwise ordered by the Court upon confirmation of this Plan.  The Reorganized Debtor shall make payments towards this amount in monthly installments in the total amount of $250 consisting of principal and accrued interest at 6% per annum until paid in full. |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired | Class 4 Interest Holders shall retain their Allowed Interests; provided, however, in the event of an 1129(a)(8) objection to the retention of equity by holders of Allowed Interests, equity in the Reorganized Debtor shall be auctioned at the Confirmation Hearing to the highest bidder, as determined by the Court and Class 4 Interest Holders shall receive nothing under the Plan. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  Settlement of Disputed Claims.  The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim without court approval.

5.04  Distributions.  The Reorganized Debtor shall make the distributions set forth in the Plan. Distributions shall be made only to creditors holding Allowed Claims.  No distribution shall be made to a Creditor until the accumulated distribution payable to such creditor exceeds $50, or annually, whichever comes first.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII (entry of the Confirmation Order shall be a determination that all cure amounts have been made):

1. Ohio Casualty General Liability Insurance;
2. Ohio Casualty Equipment Coverage on Property retained by the Debtor under the Plan; and
3. State Farm Equipment Coverage on Property Retained by the Debtor.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

Mr. Stankiewicz shall continue to operate the Reorganized Debtor. Income from operations of the Reorganized Debtor shall fund payments to be made to creditors under the Plan. The Debtor may pay Mr. Stankiewicz a salary to the extent monthly cash flow is sufficient to cover all payments due under the Plan.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE IX**
**DISCHARGE**

9.01.    Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code.  The Debtor will not be discharged from any debt imposed by this Plan.

Respectfully submitted,

TJ'S TREES & MORE, LLP

By:    TJ's Trees & More, Inc., general partner

      By:    /s/ Thomas J. Stankiewicz
             Thomas J. Stankiewicz,
             President

Date:  March 17, 2010

Respectfully Submitted,

   /s/ Richard G. Grant
Richard G. Grant
Texas Bar No. 08302650

ROBERTS & GRANT, P.C.
7018 Primrose Lane
Colleyville, Texas 76034
Telephone: (214) 210-2929
Facsimile: (214) 224-0198
COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION